You may be seated. Good morning, Council. We're ready for our first case of the day, which is 414-0734, and that is the people of the State of Illinois v. Chad Dorsey. For the appellant, we have Mr. Matthew. Is that correct, sir? Yes. And then for the appellee, we have Mr. O'Neill. You may proceed, Council. May it please the Court. I am Assistant Appellant Defender Akshay Matthew, and I represent Mr. Chad Dorsey. This is a case where the prosecutor overreached, and now the State is seeking to uphold a bad conviction by asking this Court to create a more substantive expansion of case law. There are two issues that I will be arguing today. First, whether a purely psychological injury can meet any injury requirement element of the Home Invasion Statute. Second, that the State did not prove Mr. Dorsey formed an act that caused psychological injury and that Mr. Dorsey intended to cause psychological harm. In establishing its case, the State primarily relies on people v. Hudson. In Hudson, an intoxicated man entered a home, and he was discovered by a 16-year-old female resident of the house. The defendant approached her, grabbed her wrist and face, and pushed her up against a door. When the girl screamed, the defendant grabbed her by the hair and pulled her out toward the back door. Now, in that case, the State... Council, is it your position that Hudson stands for the proposition that it has to be a physical injury, that the emotional distress is not enough, the psychological? Our position is that Hudson does not stand for purely psychological injury being a harm. And my question is, you're saying that Hudson precludes us from allowing that? Yes. And what's your basis for that? The basis is that when the Supreme Court decided Hudson, they looked at I.P.I. 11.53B, and in that I.P.I., it requires physical contact with psychological injury. Now, I.P.I.s are not binding on the Court, but it's important that the Hudson Court considered this specific jury instruction, and it didn't find the instruction defective in any way, and it is consistent with the holding of Hudson. Further, what the State is asking this Court to do would be a completely unprecedented decision. There is no Illinois case law which establishes that purely psychological injury can meet any injury requirement of the home invasion statute. Further, no other State has held that that is possible. Well, let's go back to Hudson. Wasn't there an instruction in that case that psychological trauma could satisfy the injury element? Yes, and that was I.P.I. 11.53B. Right, so I understand what you're saying about the fact that in that case we had physical contact, and that instruction deals with physical contact, but I'm having difficulty understanding how Hudson precludes evidence of psychological trauma, I'm sorry, satisfying the injury requirement when the jury was instructed to that effect in that case. And I think the distinction is that in Hudson there is the physical contact, whereas in this case there is absolutely no physical contact. And in the civil context, it draws, because that's the only case law where it's really analyzed, there is a distinction drawn between purely psychological and psychological with the physical contact. But it doesn't appear that in Hudson the Court said that you have to have that physical contact. It was there, the jury was instructed regarding that, but I don't see anything in Hudson that says the physical contact is a requirement. Do you disagree with that? There's nothing explicit, but that issue was not before the Court at the same time. And based on other case law, for example, the civil cases that I've cited, there is a distinction between just purely psychological injury and psychological with the physical component. And that's the distinction that's between this case and Hudson. In Hudson, it was psychological, but there was a physical element to it. Same thing in Eric, which this Court decided. There was a psychological harm as well as a physical harm. No case has ever held that purely psychological harm could meet that requirement. Now, even if Hudson allows for purely psychological injury, the State did not prove that Mr. Dorsey performed a secondary act which resulted in psychological injury. To convict a defendant on home invasion, the State must prove two separate acts. First is the act of entry into the home, and second is the act of intentionally causing any injury to the person in the home. Here, Ms. Baker, here the entry into the home cannot be the act that causes the psychological injury. So if it was Mr. Dorsey's entrance into the home that caused Ms. Baker's psychological injury, the Court could not convict on that basis. What about his physical contact with, what was the child's name, Evan? It was Evan. What about the physical contact with Evan or the skirmish with the police officer or the trying to go out the window? What about those acts? With regards to touching Evan, the charging document doesn't list Evan as the main victim. It lists Ms. Baker as the main victim, and the injury must be to her. We're talking about psychological, so if a mother sees someone enter the home and that person has physical contact with her child, couldn't that have some psychological impact on the mother who was the main victim? The State, first of all, didn't argue that that was the issue. And if the State wanted to, they could have charged it as the daughter and the mother. Nothing in Ms. Baker's testimony draws that conclusion either. She testified that she saw Mr. Dorsey enter the house, and her testimony and other testimony corroborated that at that point she started screaming and yelling. So from there on, Ms. Baker testified that as to the symptoms of her psychological injury, there was nothing else establishing the other acts Mr. Dorsey had done with the psychological injury itself. What would you suggest there should have been? We have testimony about these things occurring, right? Yes. Okay. So what was missing? Testimony linking those acts to her injury. For example, if she had testified that when she saw the defendant running around it caused her psychological injury, that link there is missing completely. Most of the incidents she doesn't even see completely. It happened in a separate room. So again, there's nothing clearly linking the events that took place to the injury. Further, even if there was a second act, there was no intent by Mr. Dorsey to cause psychological injury. Based on the facts of the case, it's clear that Mr. Dorsey's attempts were to elude the police. It was not to cause an injury to Ms. Baker. And the intent statute says that there's an intent to accomplish a result when an individual's conscious objective or purpose to accomplish that result or engage in conduct described by the statute define the events. And further, the person must have a conscious objective to cause the psychological injuries. Here there's no evidence presented by the state that Mr. Dorsey had the conscious objective to cause those injuries to Ms. Baker. The state mentions Terrell, which is an Illinois murder statute, to support its proposition that performing a voluntary and willful act which has the natural tendency to cause harm, or actually the statute is to cause death or great bodily harm, should be applied here. But that is distinct to the murder statute. The murder statute prescribes a certain type of conduct. It says that a defendant may not act in such a way that causes this kind of harm. So when that same application does not work in the context of the home invasion statute, the home invasion statute is about a defendant intentionally causing a certain harm, a certain result. And for that, it must be Mr. Dorsey's intentional conscious objective to cause that result. In conclusion, I would like to say again that this was overreaching by the prosecutor. There were other lesser offenses that may have been charged, but the prosecutor chose to go with the class X offense that the evidence did not sustain. We therefore ask that this court vacate Mr. Dorsey's conviction for home invasion. Thank you, counsel. You'll have additional time on rebuttal. Mr. McNeil, you may proceed. May it please the court, counsel. So the first issue is basically a statutory construction issue. Of course, the primary rule of statutory construction is to ascertain the legislature's intent. The best way to do that is the plain language of the statute. Here, the home invasion statutory section we're looking at requires that the offender quote, cause any injury to any person or persons within the dwelling place. There's no requirement or language for physical contact. There's no requirement or language for bodily injury. Presumably that's why the Supreme Court in Hudson held their specific holding as proof of psychological injury or trauma satisfies the injury element of this section of the home invasion statute. There is no qualifier that there must be physical contact. There happened to be physical contact in that case. Their holding had nothing to do with that. This was a purely psychological injury in that case. It's a purely psychological injury in this case. The Hudson court explained, and I think this is important for legislative intent, it's common for the law to recognize that some crimes such as those involving a violation of the sanctity of the home tend to cause psychological harm. The legislature was well aware of this special class of cases involving entering someone's home and requiring some sort of physical contact would create an additional condition to the plain language of the statute which is the exact opposite of the cardinal rules of statutory construction. The Hudson court, in fact, even pointed out that the internal language of the home invasion statute itself indicates that legislators were familiar with the bodily harm because they used that exact term in a different subsection of the home invasion statute. And this court in People v. Erick held consistent with Hudson and they had a great section on legislative intent as well stating that the home invasion statute provides one of the elements of the offense as any injury to a person in the dwelling. However, other statutes defining criminal offenses require either physical injury, physical harm, or bodily harm. In using broader language to describe the type of injury under the home invasion statute than to describe the type of injury under other statutes, the legislature obviously intended a range of injuries broader than only physical or bodily harm. Counsel, what is your response to opposing counsel's argument that the defendant just didn't have the necessary intent? The intent, of course, is rarely proven by direct evidence. It's proven by the totality of the circumstances and surrounding actions. In this case, and of course, the defendant is presumed to intend the natural or probable consequences of his actions. That's what's important in this case. The defendant knew this was an occupied apartment for at least part of this violent struggle in the living room. There were two children in there. The police officer testified that he saw the mother, so presumably there's a viewpoint from the kitchen to the living room because the police officer saw the mother and the father during the struggle, and they were in the kitchen at the time. More importantly, probably the most dangerous thing was that the defendant got the taser gun away from the police officer and shot this dangerous weapon in the close quarters of Ms. Baker's apartment. Clearly, the natural and probable consequences of his actions, any reasonable person in the defendant's position would realize that Ms. Baker, a mother of these two small children, was going to suffer some emotional trauma based on this defendant's action. The defendant didn't just run into the house and run straight out. The defendant faked cooperation with the police officer, started a physical fight with the police officer, continued the struggle all the way into the kitchen and out the window, or tried to get out the window, and shot a dangerous weapon inside this apartment. These together, of course, like I said, this isn't direct evidence. The defendant didn't yell out, I'm intending to psychologically harm Ms. Baker. However, the circumstances show that intent, at least looking at it in the evidence in the light most favorable to the state, which is required, is this the strongest evidence of intent that I've ever seen? No. But looking at the evidence in the light most favorable and allowing all reasonable inferences, the trial court, the fact finder here was the trial court, could have found beyond a reasonable doubt that the defendant had the requisite intent. The only other argument in this case was the secondary act argument. Of course, the defendant performed multiple secondary acts to cause the psychological harm to Ms. Baker. Like I said, the defendant, if he would have just ran in and ran out, there might be a stronger case for no psychological injury. However, the defendant didn't do that. The real cause of the psychological injury was the violent struggle inside Ms. Baker's apartment. That included initiating a fight with the police officer, that included taking the police officer's taser, shooting the taser in Ms. Baker's apartment. All of these secondary acts, of course, the only reasonable inference to make, for the fact finder to make, is that these secondary acts were the primary contribution to Ms. Baker's psychological trauma, not the unauthorized injury. I want to discuss the jury instruction that Hudson discussed. Of course, there was no jury instructions in this case, and that 11.53B, the reason that Hudson discussed that is because it was given in that case, and I think the defendant argued that it was an improper jury instruction. The committee notes to that jury instruction are all pre-date Hudson, and I would urge this Court to follow the plain language of the statute, and the Supreme Court's holding consistent with that plain language in Hudson, and this Court's holding in Eric, instead of the non-binding jury instruction. Thank you, Counsel. Any rebuttal, Mr. Matthew? Now, with regards to the first issue, the State primarily relies on statutory construction, and the State argues that the plain language of the statute does not require physical contact. The statute, however, does consider a situation where only psychological harm is present, and that's in Subsection 1, 3, and 4, where if a person were to threaten or threaten harm to a person, in that case, that most likely could be interpreted to be a psychological injury. And in those cases, the statute has recognized that a person must be armed with either a firearm or a deadly weapon. So when crafting this legislation, the legislator did consider a circumstance where there is purely psychological injury, and it did require more than that was required by Subsection 2. And further, with regards to Hudson, the State's argument is merely that Hudson allows for psychological harm, which we don't disagree with. But courts don't typically decide beyond what's the scope that is before them. So in Hudson, there was physical contact, and so the court didn't decide on what happens when there isn't physical contact. That was not an issue that was before the Hudson court. And based on their application of the jury instructions, they did not find that instruction to be faulty, and that instruction clearly states that physical contact and psychological harm is present. With regards to the intent, State talked about the totality of the circumstances, and just to run through, the defendant, or Mr. Dorsey, entered the home. His first instinct was to run to the back door to get out. The door wouldn't open, so he tried to find the next possible way to get out. He interacted with a police officer in between then, but his intention still was to elude the police. There was no intention to cause harm to the people in the building. The record just does not support that, even in the light most favorable to the State. The record clearly shows that the intention of Mr. Dorsey was to get out of the apartment. Could one argue that Mr. Dorsey entered the apartment trying to flee the police, and he was willing to do whatever he had to do, including psychologically injure someone, to get away from the police? That his intent was, I'll do whatever I have to do to evade the police. If that was his intent, going into the apartment, the more appropriate charge would be burglary. But even with that, the record doesn't support that, that that was his intent to cause harm. In conclusion, we ask that this Court vacate Mr. Dorsey's conviction for homicide. Thank you, Counsel. We'll take this matter under advisement and be in recess.